UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PCL CONSTRUCTION SERVICES, INC., a Colorado corporation,<br><br>  Plaintiff,<br><br> vs.<br><br>B&H CONTRACTORS OF SOUTH DAKOTA, INC., a South Dakota corporation,<br><br>  Defendant and<br>  Third-Party Plaintiff,<br><br> vs.<br><br>GEORGE FISCHER, INC.;<br>GEORGE FISCHER SLOANE, INC.;<br>CENTRAL STATES INDUSTRIAL SUPPLY, INC.; and<br>CPI SALES, INC., collectively d/b/a Central States Group,<br><br>  Third-Party Defendants. | CIV. 11-4035-KES<br><br><br><br><br><br>ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT |
| B&H CONTRACTORS OF SOUTH DAKOTA, INC., a South Dakota corporation,<br><br>  Plaintiff,<br><br> vs.<br><br>GEORGE FISCHER, INC.;<br>GEORGE FISCHER SLOANE, INC.;<br>CENTRAL STATES INDUSTRIAL SUPPLY, INC.; and<br>CPI SALES, INC., collectively d/b/a Central States Group,<br><br>  Defendants. | Civ. 10-4076 |

Third-party defendants George Fischer, Inc. and George Fischer Sloane, Inc., move for summary judgment on all claims made by third-party plaintiff B&H Contractors of South Dakota, Inc. Third-party defendants Central States Industrial Supply, Inc. and CPI Sales, Inc. separately move for summary judgment on all claims made by B&H. B&H resists the motions. For the following reasons, third-party defendants' motions for summary judgment are granted.

## BACKGROUND

B&H is a South Dakota corporation that does plumbing installation work. PCL Construction Services, Inc., a general contractor, entered into a subcontract with B&H that required B&H to install a piping system at 3M Company's manufacturing plant in Brookings, South Dakota.

B&H ordered and installed PPro Seal piping materials (the "GF product"), which were manufactured by George Fischer and supplied by Central States. Before installing the GF product, B&H's lead installer received over-the-phone training from George Fischer personnel. After receiving the instructions, B&H began installing the GF product. PCL was present while B&H installed the piping. There were at least a dozen leaks that occurred throughout the installation process. Upon completion of the installation work, the piping system was inspected and air tested. PCL participated in and monitored both the inspection and testing of the system. The piping system passed the air test, indicating 100 percent joint integrity.

Leaks began to form following B&H's completion of the installation. The first leak that formed in a completed portion of the piping system occurred in

October of 2007, while B&H was still working on a different section of the piping system. B&H repaired this leak. B&H completed the entire installation in February of 2008. A second leak was found in September of 2008. B&H again repaired the leak, and B&H's insurance carrier paid for most of the damage caused by the leak. A third leak was discovered in March of 2010. PCL notified B&H of the leak and demanded that B&H repair the leak and pay for the same. B&H refused to repair the leak or reimburse PCL for any costs caused by the leak.

Because of these leaks, 3M informed PCL that it wanted an entirely new piping system installed to avoid any future problems. PCL demanded that B&H replace the piping system. In the meantime, a fourth leak was discovered in January of 2011. PCL then contracted with Redlinger Bros. Plumbing and Heating to remove and replace the entire piping system. A fifth leak was discovered during the demolition process that took place in preparation for Redlinger's installation.

PCL incurred costs totaling $171,445.50 as a result of these events. PCL seeks damages from B&H, claiming that the piping system was installed improperly. B&H then brought third-party claims alleging that George Fischer and Central States are liable for selling defective GF product. In its third-party complaint, B&H brings claims against George Fischer for negligence and product liability and claims against Central States for negligence, product liability, breach of contract, breach of express warranties, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.

## STANDARD OF REVIEW

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of her case on which she bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods, Mo.*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)).

Summary judgment is precluded if there is a dispute in facts that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of a summary judgment motion, the court views the facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

The parties agree that B&H's claims are governed by the substantive law of South Dakota. *See Prudential Ins. Co. of Am. v. Kamrath*, 475 F.3d 920, 924 (8th Cir. 2007) (noting that a federal district court whose jurisdiction is premised on diversity applies the law of the state in which it sits).

**ANALYSIS**

I.   **Negligence and Product Liability**

Central States[1] and George Fischer argue that summary judgment is appropriate on B&H's claims for negligence and product liability because of the economic loss doctrine. B&H contends that the economic loss doctrine is not applicable.

Under South Dakota law, when a transaction is governed by the Uniform Commercial Code[2] the "general rule is that economic losses are not recoverable under tort theories; rather, they are limited to the commercial theories found in the UCC." *City of Lennox v. Mitek Indus., Inc.*, 519 N.W.2d 330, 333 (S.D. 1994).

---

[1] Central States moved for summary judgment on all of B&H's claims, including breach of contract, breach of express warranties, and breach of the implied warranty of fitness for a particular purpose. B&H failed to respond to these arguments. The court finds that B&H waived these claims because "failure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. University of Ark. at Pine Bluff Bd. of Tr.*, 558 F.3d 731, 734-35 (8th Cir. 2009). *See also Anderson*, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials . . ., but must set forth specific facts showing that there is a genuine issue for trial.").

Even if B&H did not waive the claims, the court finds that Central States is entitled to summary judgment on all three claims. B&H has not identified a contract as the basis for its breach of contract claim, which is necessary to prove a breach of contract claim. B&H has not identified any express warranties that Central States made to B&H, which is necessary to prove a breach of express warranty claim. *See Swenson v. Chevron Chem. Co.*, 234 N.W.2d 38, 42 (S.D. 1975). And B&H has not identified any evidence in the record to establish that the piping system was not fit for the ordinary purposes for which such goods are used, which is necessary to prove a claim for breach of implied warranty of merchantability. *See Rynders v. E.I. Du Pont De Nemours & Co.*, 21 F.3d 835, 841 (8th Cir. 1994) (citing SDCL 57A-2-314(2)(c)).

[2] B&H does not dispute that the UCC governs here.

5

This concept is called the economic loss doctrine. South Dakota courts have recognized two exceptions to the economic loss doctrine. *Jorgensen Farms, Inc. v. Country Pride Corp.*, 824 N.W.2d 410, 418 (S.D. 2012). First, tort damages are not barred in cases where personal injury is involved. *Id.* Second, the doctrine does not apply "when the damage is to 'other property' as opposed to the specific goods that were part of the transaction." *Id.* B&H argues that the damages it seeks in relation to its negligence and product liability claims fall under the other property exception.

"Other property has been defined as damage to property collateral to the product itself." *Mitek*, 519 N.W.2d at 333. Economic loss, on the other hand, is the "loss resulting from the failure of the product to perform to the level expected by the buyer and *the consequential losses* resulting from the buyer's inability to make use of the ineffective product[.]" *Jorgensen*, 824 N.W.2d at 419. "When a defect in a component part damages the product into which that component was incorporated, economic losses to the product as a whole are not losses to 'other property' and are therefore not recoverable in tort." *Mitek*, 519 N.W.2d at 333.

In its brief, B&H argues that the other property exception applies because it is "seeking to recoup from [defendants] the costs of repairing the damage that [their] defective product caused to the 3M facility[.]" Docket 85 at 18-19. The South Dakota Supreme Court's decision in *Mitek* is dispositive of the issue of whether B&H's alleged damages fall under the other property exception.

In *Mitek*, a dispute developed after failed trusses caused damage to a building. 519 N.W.2d at 331. The damages sought by the plaintiff included the

6

expenses involved in removing insulation, sheet metal, and having to disconnect heating, plumbing, and electrical connections. *Id.* The Supreme Court found that the damages claimed were "in reality repair costs that fall under consequential damages. Therefore, the economic damages are not recoverable under the tort theory of negligence and instead are governed by the UCC." *Id.* at 333-34. In making its determination, the Supreme Court noted that the trusses were a component part and that the building itself was the "whole product." *Id.* at 333 (finding that the trusses were a "defective component part"). Thus, the damage caused to the whole product (i.e., the building) by the component part (i.e., the trusses) does not fall under the other property exception.

   The facts here are analogous to the facts in *Mitek*. The piping system was a component part of the 3M facility itself. Thus, the damage caused to the 3M facility as a result of the leaks in the piping system are repair costs that fall under consequential damages. *Id.* at 333; *see also Corsica Coop. Ass'n v. Behlen Mfg. Co.*, 967 F. Supp. 382, 385 (D.S.D. 1997) (barring claimant from seeking tort damages for a collapsed building or the contents inside the building because such damages did not fall under the other property exception). Because B&H's alleged damages are merely repair costs that fall under consequential damages governed by the UCC, such damages are not recoverable under B&H's tort theories of negligence or product liability. *See Brookings Mun. Util., Inc. v. Amoco Chem. Co.*, 103 F. Supp. 2d 1169, 1174 n.5 (D.S.D. 2000) ("The economic loss doctrine, as adopted in South Dakota, applies to the torts of negligence and strict products liability.") (internal citations omitted).

Therefore, the court finds that the economic loss doctrine applies to B&H's claims for negligence and product liability against both Central States and George Fischer. Accordingly, summary judgment is granted in third-party defendants' favor on B&H's claims for negligence and product liability.

## II.   Breach of the Implied Warranty of Merchantability

B&H's last remaining claim is its claim against Central States for breach of the implied warranty of merchantability. Central States seeks summary judgment on this claim, arguing that B&H failed to give Central States the required notice under SDCL 57A-2-607.

The parties do not dispute that Central States's sale of piping materials was a sales transaction governed by the UCC. Accordingly, B&H must comply with the notice requirement contained in SDCL 57A-2-607(3)(a). *Jorgensen*, 824 N.W.2d at 417. SDCL 57A-2-607(3)(a) provides, "[w]here a tender has been accepted the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" The South Dakota Supreme Court has held that "notice is an element that must be specifically proven; it is not an affirmative defense and notice of breach by summons and complaint is obviously insufficient." *Jorgensen*, 824 N.W.2d at 418 (citing *Hepper v. Triple U Enter., Inc.*, 388 N.W.2d 525, 527, 529 (S.D. 1986)).

Central States argues that B&H did not plead notice nor can B&H cite to anything in the record establishing that notice was timely given. The court agrees that B&H failed to plead notice. Furthermore, B&H failed to even address Central States's notice argument in its responsive brief. "[F]ailure to oppose a basis for

8

summary judgment constitutes waiver of that argument." *Satcher*, 558 F.3d at 735). Therefore, summary judgment is granted in Central States's favor on B&H's claim for breach of the implied warranty of merchantability.

## CONCLUSION

The economic loss doctrine precludes B&H from seeking damages on its claims for negligence and product liability. Also, B&H failed to give Central States the required notice under SDCL 57A-2-607 to assert a claim for breach of the implied warranty of merchantability. Moreover, B&H has given up its claims against Central States for breach of contract, breach of express warranties, and breach of the implied warranty of fitness for a particular purpose. Accordingly, it is

ORDERED that third-party defendants' motions for summary judgment (Dockets 70 and 73) are granted.

Dated May 2, 2013.

                                                BY THE COURT:

                                                /s/ *Karen E. Schreier*
                                                KAREN E. SCHREIER
                                                UNITED STATES DISTRICT JUDGE